

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
~~PEGGYPENDERREDEX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable L. D. Hartwell
County Attorney
Hunt County
Greenville, Texas

Dear Sir:

Opinion No. 0-2549
Re: Authority of an election
judge to cast out ballot
of absentee voter.

This will acknowledge receipt of your letter of
July 24, requesting an opinion of this department, in which
you cite provisions from Article 2956, Revised Civil Statutes
of Texas, and state as follows:

"Under the above law I am asking and re-
questing this department to answer the following
question.

"Has the election judge the authority to
cast out and hold for naught the absentee vot-
ing under this article. One of the election
judges says he is going to throw out all of the
absentee voting of a certain box. I have given
my opinion to the effect that no election judge
has the authority or right to cast out absentee
vote of any elector provided he has complied
with this law, but I want to get a ruling from
your department."

Opinion No. 0-2298, previously issued by this de-
partment, interprets Article 2956 as regards its application
in the actual preparation and casting of an absentee ballot.
We attach for your perusal a copy of this opinion, which we
feel will serve to establish the conception of this depart-
ment as to the application of the article in question.

Beyond this, and in connection with the duties of
the county clerk and of the election judge, when an absentee
ballot has been received, we refer to subdivisions 5, 6, and
10 of Article 2956.

Subdivision 5 reads as follows:

"Upon receipt of any such ballot sealed in
its ballot envelope duly endorsed, the clerk shall

keep the same unopened until the second day prior to such election, and shall then enclose same together with the elector's application and accompanying papers, in a larger or carrier envelope which shall be securely sealed and endorsed with the name and official title of such clerk, and the words 'this envelope contains an absentee ballot, and must be opened only at the polls on election day,' and the clerk shall forthwith mail same, or deliver it in person to the presiding judge of election, or to any assistant judge of election, in said precinct.

"And ballots mailed out by the county clerk within the legal time, but not received back by him on or before the third day prior to the election on the day of election, shall not be voted, but shall remain in the custody of the county clerk during the thirty (30) day period provided in Subdivision 6."

Subdivision 6 reads in part as follows:

"On the day of such election, and in the presence of the election officers, and the supervisors, if any, one of the judges of election shall, between the hours of 2:00 and 3:00 o'clock open the carrier envelope only, announce the elector's name and compare the signature upon the application with the signature upon the affidavit on the ballot envelope. In case the election board finds the affidavits duly executed, that the signatures correspond, that the applicant is a duly qualified elector of the precinct, and that he has not voted in person at said election, they shall open the envelope containing the elector's ballot in such manner as not to deface or destroy the affidavit thereon, take out the ballot therein contained without permitting same to be unfolded or examined and having endorsed the ballot in like manner as other ballots are required to be endorsed, deposit the same in the proper ballot box and enter the elector's name in the poll list the same as if he had been present and voted in person. If the ballot be challenged by any election officer, supervisor, party challenger, or other person, the grounds of challenge shall be heard and decided according to law, including the consideration of any affidavits submitted in support of or against such challenge. If the ballot

be admitted, the words 'absentee voter' shall be set
down opposite the elector's name on the poll list.
If the ballot be not admitted, there shall be en-
dorsed on the back thereof the word 'rejected,' and
all rejected ballots shall be enclosed, securely
sealed, in an envelope on which words 'rejected
absentee ballots' have been written, together with
a statement of the precinct and the date of election,
signed by the judges and clerks of election and re-
turned in the same manner as provided for the return
and preservation of official ballots voted at such
election."

Subdivision 10 sets out the capacity in which county
clerks, their deputies, and election judges shall act with re-
gard to absentee ballots, and refers to Articles 215 to 231,
inclusive, of the Penal Code of Texas, with regard to punish-
ments. In this regard we quote Article 217, Vernon's Penal Code:

"Any judge of any election who shall refuse
to receive the vote of any qualified elector who,
when his vote is objected to shows by his own
oath that he is entitled to vote, or who shall
refuse to deliver an official ballot to one en-
titled to vote under the law, or who shall wil-
fully refuse to receive a ballot after one en-
titled to vote has legally folded and returned
same, shall be fined not to exceed five hundred
dollars."

From the wording of the articles quoted, we re-
spectfully advise that in our opinion no election judge has
any authority to disregard or cast out any absentee ballot
cast according to the provisions of the law, and that if he
does so he is subject to fine in accordance with Article
217 of the Penal Code.

Very truly yours
ATTORNEY GENERAL OF TEXAS

APPROVED AUG 2, 1940

By /s/ Walter R. Koch
Walter R. Koch
Assistant

/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

WRK:jm:vb

Encl.

Approved
Opinion
Committee
By  BWB
Chairman